ELIZA RAGSDALE AND OTHERS vs. MOSES L. HOLMES AND
OTHERS.

A creditors' bill against the executors of the executrix of the debtor and lega-
tees of the executrix, alleging a *devastavit* by the executrix, insufficiency of
assets of the debtor's estate, that assets of both estates were in the hands of
the executors, that the executrix had assumed to bequeath to the legatees,
parties defendant, part of the estate of the debtor, charging the executors
with waste, insolvency, and an intent to leave the State, and praying an ac-
count of the assets of both estates, appointment of a receiver and payment
of debts, with other prayers, is not demurrable by H., a party defendant,
on the ground of multifariousness, because it also alleges the fraudulent
conveyance, by the executrix, of a portion of the debtor's real estate to
H., and prays that the conveyance be set aside.

It is not necessary that specialty and simple contract creditors of a decedent
should exhaust their remedies at law before exhibiting a creditors' bill in
equity against the executors of the decedent for an account of assets, pay-
ment of debts, &c.

BEFORE CARROLL, CH., AT CHESTER.

The bill in this case was exhibited by Eliza Ragsdale, William
Glaze and others, naming them, "suing for themselves · and such
other creditors of Lewis A. Beckham as shall come in," &c. It
alleged that Lewis A. Beckham,˙ having made his will, and thereby
appointed T. H. Beckham executrix thereof, departed this life in
March, 1860 ; that the executrix qualified and took the estate into
her hands and filed an inventory thereof; that she received assets
to the amount of $50,000 and upwards, and sold part thereof; that
the testator was possessed of a large amount of real estate, which
plaintiffs believe was sold by his executrix, shortly after his death ;
that, in June, 1866, the executrix made a fraudulent confession of
judgment to the defendant, Moses L. Holmes, which has been
marked satisfied; "that the said executrix and Moses L. Holmes,
fraudulently confederating and conspiring together, further to defeat
the just rights of your orators and other creditors, had a conveyance
made from the said executrix unto the said Moses L. Holmes, for a
valuable plantation belonging to her testator," &c.; that ·the said
executrix died shortly after said conveyance was made, leaving a
will, whereby she appointed Thomas C. Beckham and Lewis A.
Beckham executors thereof; that the said executrix was possessed,
at the time of her death, of household and kitchen furniture, silver
plate, a library, carriages, wagons, &c., which belonged to the
estate of her testator, which she bequeathed, with the whole estate
owned by herself, to her children, the defendants, Harriet Pride,

Lewis A. Beckham, Hyder D. Beckham and Thomas C. Beckham; that the said executors have no property of their own, and are residing on the plantation sold to Moses L. Holmes ; that they are in possession of all the visible property of the said testator and testatrix come to their hands; and that, as plaintiffs are informed and believe, they intend soon to remove from the State.

The bill then set forth the indebtedness of the testator to some of the plaintiffs, and charged that the said confession of judgment and conveyance were fraudulent, and made with intent to defeat the just rights of the plaintiffs and other creditors of the testator, and that the said executors were wasting the assets which had come to their hands, and were irresponsible and insolvent.

The prayers of the bill were, that the executors may be required to file an inventory of the property of both estates ; that they may be compelled to give security for the same ; or, failing to do so, that a receiver be appointed, and they be required to turn over the assets to such receiver; that they be required to account; that the assets of the testator be marshalled ; that the creditors of the testator be enjoined from proceeding at law, and be required to establish their claims in this Court; that the said confession of judgment and conveyance may be declared fraudulent and be set aside ; and that the lands conveyed, as aforesaid, and other real estate of the testator, be sold, &c. Subpoena was prayed against the parties hereinbefore named as defendants.

Moses L. Holmes demurred on three grounds: (1.) On the ground of multifariousness. (2.) Because it doth not appear by the bill that the plaintiffs, or any of them, have obtained judgments at law, either against the testator, in his lifetime, or against the executors since his death; and, (3.) Because three of the plaintiffs (naming them) have shown no claim, right, title or interest whatever in the matters and things complained of by the bill.

The decree of His Honor the Chancellor is as follows:

CARROLL, Ch. The demurrer of the defendant, Moses L. Holmes, rests upon three grounds.

It is objected that the plaintiffs claiming to be creditors of the testator, Lewis A. Beckham, have not alleged in their bill that they, respectively, had recovered judgments either against him or his personal representatives. The bill here exhibited is a creditors' bill. The doctrine recognized in *Brinkerhoff* vs. *Brown*, 4 John. C. R., 676, and *Screven* vs. *Bostick*, 2 McC. Ch., 416, seems to be inappli-

cable to suits of this description. If none but creditors who have exhausted their legal remedies are competent to institute such a proceeding, then, upon the same principle, none other can derive any benefit from the decree. But this would be contrary to the familiar course and practice of the Court. One of the ordinary orders in such a cause is, to enjoin the creditors from proceedings at law; and one of its leading purposes, to prevent multiplicity of suits, with its consequent accumulation of costs and expenses. In *Whitmire* vs. *Oxborrow*, 2 Y. & C., 17, it was held that such a bill might be filed by a creditor whose debt is not payable *in presenti*, but payable *in futuro*. "The doctrine," says Judge Story, "equally applies, whether the suing creditors are creditors whose debts are then absolutely due, or payable in future."—Story's Eq. Plead., 99.

It is further objected that, as against the defendant, Holmes, the bill is multifarious, seeking, as it does, the calling in of creditors, a general account of the testator's estate and its administration, the marshalling of his assets and the payment of his debts, all of them being matters in which this defendant, as he contends, is in no wise concerned. It is undoubtedly true that, ordinarily, the debtors of a testator, or the persons who have possessed themselves of his property, cannot be made parties to the bill against the executors at the suit of a creditor. But there are recognized exceptions to the rule. The bill alleges large waste of the testator's estate by his executrix, T. H. Beckham, and that she, knowing that the assets unwasted by her were insufficient to pay his debts, and "fraudulently confederating and conspiring with the defendant, Holmes, to defeat the just rights of the plaintiffs and the other creditors, conveyed to said Holmes a valuable plantation belonging to her testator, containing about 1,200 acres, on the Catawba River, in consideration of the sum of $8,500." These statements might have been more definite and distinct. But they have not been objected to upon that ground, and they certainly import a direct and express charge of fraud and collusion between Holmes and the executrix.

It is further alleged in the bill that Thomas C. and Lewis A. Beckham, Jr., executors of the executrix, T. H. Beckham, "and, therefore, the executors of her testator, are wasting the assets which have come into their hands, are wholly irresponsible and insolvent, and, as the plaintiffs are informed and believe, soon intend to leave the State." If there are persons who have possessed themselves of the estate of the deceased, or are his debtors,

Ragsdale *vs.* Holmes.

and there is collusion with the representatives of the deceased, or are the debtors, and there is collusion between them and the personal representatives, or the latter are insolvent, a creditor may make such third persons parties to a bill against such personal representatives.—Story's Eq. Plead., 178. "The rule," says the Lord Chancellor, "is to stop short at the personal representatives, unless there is insolvency; or where other parties stand in such relation to the deceased, or his estate, or his representatives, that they may be said either to have been mixed with him and his affairs during his lifetime, or to have aided his representatives, after his decease, in withdrawing his estate from his creditors, or to have undertaken more directly a *quasi* representation of him." "The second case," he continues, "that of collusion with the executor, may be likened to that of an *executor de son tort*—a representation fixed upon those who intermeddle with the estate as the penalty of their interference."—*Holland* vs. *Prior*, 1 M. & C., 240.

"Is a party," asks Lord Cottenham, "entitled to raise this objection, who has made himself, by uniting with the trustee in a breach of trust, part and parcel of the transaction? The object of the rule against multifariousness is to protect a defendant from unnecessary expense; but it would be a great perversion of that rule if it were to impose upon the plaintiffs the expense of two suits instead of one."—*Attorney General* vs. *Craddock*, 3 My. & Cr., 94.

The demurrer is considered not sustainable upon either of the grounds suggested.

As to the third ground upon which the demurrer is placed, but little need be said.

The omission in the bill to set forth the demands of the plaintiffs, Glaze, Estes and Wylie Moffat & Co., seems to have been simply the result of inadvertence. Indeed, it was not necessary to make those persons parties to the record at all. The usual course of the Court in such cases is to withhold its judgment and allow an amendment.

It is ordered and adjudged that the plaintiffs have leave to amend their bill as they may be advised.

The defendant, Moses L. Holmes, appealed upon the following grounds:

1. Because the bill is multifarious.

2. Because complainants have not pursued their remedies at law, and have not prosecuted their claims to judgment and execution.

*Hamilton*, for appellants.

*McAlliley & Brawley*, contra.

April 2, 1869. The opinion of the Court was delivered by

WILLARD, A. J. This is a creditors' bill against the executors of a sole executrix upon specialty and simple contract debts of the first testator, alleging a *devastavit* by the executrix and insufficiency of assets of the first testator's estate to pay his debts; also alleging assets of the first estate, as well as of the executrix's estate, in the hands of the executors, defendants to the bill, and charging the executors of the executrix with waste of assets, insolvency, and an intent to leave the State. The bill further alleges, specially, the fraudulent conveyance, by the executrix, of a portion of the real estate of the testator to the appellant, a party defendant. It also alleges that the executrix, by her last will, assumed to bequeath to her children, parties defendant, part of the estate of her testator remaining as assets in her hands. The bill seeks, in behalf of the complainants and other creditors coming in, an account of the assets of the estates of the first testator and of the executrix, protection of the assets, by means of security on the part of the executors, or the appointment of a receiver, marshalling of assets, and payment of the debts of the first testator.

The appellant, Holmes, demurred to the bill on the grounds: *First*, That the bill is multifarious. *Second*, That the complainants have not recovered judgments on their demands at law; and, *Third*, That certain of the complainants have not sufficiently set forth a title to put the defendants to their answer.

The Chancellor overruled the demurrer, and the defendant, Holmes, appealed therefrom, alleging the following grounds: *First*, Because the bill is multifarious. *Second*, Because complainants have not pursued their remedies at law, and have not prosecuted their claims to judgment and execution.

The relief sought against the appellant is clearly within the scope of the general objects of the bill. The bill charges that he has fraudulently mixed himself up with the testator's estate, so that a complete account cannot be taken without making him a

party ; and these allegations being admitted by the demurrer, sufficient ground appears for making him a party. His implication with the assets depends upon an admitted fraudulent dealing with the executrix, and did not originate in the structure of the bill of complaint. The bill is not open to the charge of uniting distinct and independent claims, nor of bringing in parties defendant who are strangers to the general matters set forth and charged.—Adams' Equity, 309, and cases there cited. The first ground of appeal is insufficient.

The second ground of appeal assumes the erroneous proposition that only a judgment creditor who has exhausted his remedies at law can seek the protection and application of assets in the hands of an executor, through the medium of a bill in Equity.—*Eno* vs. *Calder,* 14 Rich. Eq., 154). *Inter vivos* that rule is applicable, for the reason that the estate of the living debtor does not become assets for the payment of his debts until the exhaustion of the legal remedies is complete. The estate of a deceased debtor, or so much thereof as may be requisite for the payment of his debts, becomes assets from his decease. The primary mode of making them available is by an action at law, and recourse cannot be had to a creditors' bill where there is an adequate legal remedy.—*Eno* vs. *Calder, supra., Wattington* vs. *Hawley,* 1 Eq. Rep., 167. But where there is a *devastavit,* or threatened waste and insolvency of the estate, and want of responsibility of the executors, as in the present case, unquestioned ground exists for the interference of equity.— *Middleton* vs. *Dodswell,* 13 Ves., 266 ; 1 Story's Eq., Sections 533 and 543. The grounds of appeal are insufficient, and the appeal must be dismissed.

It is adjudged and decreed, that the appeal of the defendant, Holmes, be dismissed, and the decree of the Chancellor, overruling the demurrer to the bill of complaint, affirmed.

*Hoge,* A. J., concurred.